THOMAS GRAY and another *v.* JAMES A. GAITHER, Ex'r, &c.

When an executor converts his real and personal estate into notes and money, so as to lead to a reasonable apprehension that the assets are not sufficiently secure in his hands, it becomes the duty of the court, pending an action for an account and payment of the assets, to provide by an order in the cause, that the executor give bond for the protection of the assets, and for the performance of the final decree, and upon his failure so to do, to appoint a receiver. It is error to appoint a receiver in the first instance.

MOTION in the cause, heard before *Cloud J.* at Fall Term, 1875, of the Superior Court of DAVIE county.

The action was commenced at Spring Term, 1874, for an account and settlement. The facts in the case as disclosed by the record sent to this court upon the appeal are substantially as follows:

James Gray died in the county of Davie in the year 1873, leaving a last will in writing in which he appointed the defendant his executor. On the 20th day of September, A. D. 1873, this will was admitted to probate, and the defendant duly qualified as executor.

At Spring Term, 1874, of Davie Superior Court, the plaintiffs after due notice upon affidavit, moved the court to appoint a receiver of the assets of the testator in the hands of the defendant. The motion was allowed, and one William Anderson was appointed receiver by the court. Anderson failed to give bond as required in the order of appointment and did not accept, and at Fall Term, 1874, after due notice upon the affidavit of the defendant, the order appointing Anderson as receiver was vacated by the court.

After due notice, the plaintiff upon the affidavit of L. Q. C. Butler, again moved the court to appoint a receiver. The affidavit of Butler is to the following effect: " That James A. Gaither, the defendant has sold his homestead tract of

land to Robert Albea, and has delivered possession in part of said land, and of a house on said land. That he owns no other lands. That he has publicly sold to the highest bidder his personal property over a week ago, including his household and kitchen furniture, and that he now owns no real or personal estate except money or debts for his property sold.

That it is reported that James A. Gaither has made these sales of his property with the purpose of removing from the State of North Carolina to Texas. That it is understood that sales, both of his real and personal property, were for cash, and affiant knows that some of the personal property has been delivered to the persons who are said to be the purchasers. That the removal of James A. Gaither from the State of North Carolina with the proceeds of the sale of his real and personal property would prevent the plaintiffs from collecting any judgment they may recover in the cause, except at the will and pleasure of J. A. Gaither. That said Gaither has sold the rents of the lands for the year 1875 recently, with which the plaintiffs seek to charge him in this suit, and has given no bond to secure any part of the assets in his hands as executor.

The defendant resisted the motion, filing an affidavit to the following effect: That he is worth three thousand dollars. That he is not indebted exceeding fifty dollars. That he is worth as much now as he was on the day the testator appointed him as executor of his will. That at the time, and before the testator (who was an uncle of affiant,) made his will, affiant resided but two miles from him. That the testator well knew all about affiant, the value of his property, &c., and in view thereof committed the execution of said will to affiant, who accepted the same in good faith, has committed no breach of his duty and does not intend to do so.

That while it is true that affiant did speak of removing to the West, and for some time intended to so, at no time did he intend to leave the State without first coming to a settlement

of his executionship and turning over to those entitled thereto the estate in his hands. That he spurns the idea insinuated in the application for a receiver, that he ever for a moment had any idea of carrying from the State one cent of his testator's estate. That it was the expectation of affiant and the plaintiffs that this action would have been tried at the last term of Davie Conrt, and if it had been, affiant intended to to settle up the estate and remove to Oregon, but when he ascertained that it would not be, and was not tried, on consultation with his counsel and those claiming interest in his testator's estate adversely to the plaintiffs, he gave up and abandoned the idea of removing from the State. That defendant has sold his lands for $2,200.00 and has also sold such of his personal property, (some $400 or $500 worth,) as he would not need in the business in which he was about to engage, to wit: the manufacture of tobacco.

That having entirely given up his intention of removing from the State, he has entered into a contract of partnership with J. M. & A. Turner, who are experienced and successful tobacco manufacturers near Cool Springs, in the county of Iredell. That affiant expects to remove to their said factory in a few days, which is only four miles from his present residence. That affiant does not intend to remove from Iredell county, nor does he expect to remove any of his funds from that county, but honestly, and *bona fide*, intends using them in manufacturing tobacco, and expects to make much larger profits therefrom than from farming. It is true (as it was his duty) that he has sold the rents of his testator's lands for this year, but will keep the same and use the proceeds in a due course of administration of his testator's estate. That affiant, in testator's lifetime, and to his knowledge, advertised his said lands for sale."

Upon the hearing, his Honor allowed the motion of the plaintiffs, and one Martin R. Chaffin was, by the court appointed receiver.

· From the ruling of his Honor the defendant appealed, upon the ground that the facts in the case are not, in law, sufficient to warrant the ruling of the court.

*Wilson*, for the appellant.
*Bailey* and *Clement*, contra.

PEARSON, C. J.   When an executor is guilty of a *devastavit* by applying the funds of the estate to his own use, it is the duty of the court to appoint a receiver and take the estate out of his control.

In our case there is no allegation that the executor has misapplied the funds of the estate to his own use ; but the motion for a receiver is put on the ground that the estate is insecure in the hands of the executor by reason of the fact that he has sold his land and personal property and now has no estate except what consists of money and notes, which can be easily removed out of the jurisdiction of the court.   When an executor becomes insolvent after his appointment, or his insolvency was not known to the testator, it is the duty of the court to require him to secure the fund by a sufficient bond.   Otherwise when his insolvency is known to the testator—for it may be that he would rather confide in an insolvent man in whose honesty he has full confidence—than in one whose solvency is not doubted.

So, when an executor is a non-resident, so that the court can take no personal control over him, he is required to give security.   So when an executor converts his real and personal estate into money and notes, so as to lead to a reasonable apprehension that the assets are not sufficiently secured, as is found to be the fact in this case, it becomes the duty of the court, pending an action for an account, and payment of the assets, by an order in the action, to provide for the security of the fund.   Thus far, we agree with his Honor, but the doctrine of the court only justifies an order for the protection of

the assets against this apprehended danger in the first instance, and does not justify an order for the appointment of a receiver, as in case of a dereliction of duty on the part of the executor in direct reference to his management of the estate.

There is error. This opinion will be certified to the end that an interlocutory order may be made in the court below, requiring the executor to give bond, &c., for the protection of the assets, and to perform the final decree in the cause, and in case he fails to give such bond, that a receiver may be appointed.

PER CURIAM.    Judgment accordingly. .