BETTIE STRAYHORN v. C. B. GREEN.

*Trustee—Bond of.*

1. It is not necessary in substituting one trustee for another in pursuance of sec. 1270 of *The Code*, to require a bond of the substituted trustee.

2. Whether a trustee so substituted shall be required to give bond, rests in the discretion of the court, and upon proper reasons being assigned, the court would require a bond to be given, if the nature of the trust required it.

(*Gray* v. *Gaither*, 74 N. C., 237, cited and approved).

MOTION in a cause pending in DURHAM Superior Court, heard at Chambers, on September 18th, 1884, by *Philips, Judge.*

His Honor refused the motion, and the plaintiff appealed.

The facts appear fully in the opinion.

*Messrs. Manning & Manning,* for the plaintiff.
*Messrs. Long & Strudwick,* for the defendant.

MERRIMON, J. As well as we can learn from a very imperfect record, it appears that an action was brought before the clerk of the Superior Court of the county of Durham, on the 14th day of December, 1882, to substitute a trustee, as allowed by *The Code,* §1270, in the place of Green Blalock, to execute the trusts provided and created in a deed dated the 2d day of May, 1877, executed by John Strayhorn to the said Blalock, as trustee for Bettie Strayhorn, the appellant. What the trusts are, does not appear in the record before us.

On the 23d of March, 1883, the appellee was appointed as substituted trustee, and he was not required to give any bond, as such trustee, nor does it appear that the appellant interposed any objection on this account.

Afterwards, on the 6th day of September, 1884, the clerk, at the instance of the appellant, gave notice of a motion in the cause, to be made before him on the 10th day of September, 1884, to require the appellee to show cause why he should not give a proper and sufficient bond as such trustee.

The only grounds assigned by the appellant for the motion were as follows:

(1). "That by a petition filed the 14th December, 1882, and an order made thereon 23d March, 1883, C. B. Green was appointed the trustee of said Bettie Strayhorn, to execute the trust arising upon a deed of trust executed by John Strayhorn to Green Blalock 2d May, 1877.

(2). That said C. B. Green has never filed a bond to secure the proper administration of said trust, nor for the better security of the trust estate."

The appellee resisted the motion upon these grounds:

(1). That the court had no jurisdiction to hear and pass upon the question raised in the petition, by requiring the trustee to give bond under the deed mentioned.

(2). That the powers and duties imposed upon him are conferred upon him by deed, and the court had no power to require a bond or other security from him in respect to the trusts.

(3). That there is no allegation that the trustee is dead, removed from this State, or has become incompetent or unworthy for any cause to perform the duties as trustee.

The appellant's motion cannot be sustained. It seems to rest upon the unfounded assumption, that all substituted trustees appointed, as allowed by *The Code,* §1270, are required to give bond conditioned for the faithful discharge of their duties. In many, perhaps most cases, they are not required to give such bonds; their duties might be such as not to require it. In other cases, no doubt, they might be required to do so, and whether they should be so required or not, rests in the sound discretion of the Court.

It does not appear that there was any reason why the appellee should have given bond at the time of his appointment. It seems that there was no objection to it; and we must take it that the clerk deemed that there was no necessity for requiring a bond.

After a trustee has been appointed, causes for requiring him to give a proper bond might arise, such as insolvency in some cases.

In such cases, the cause should be duly assigned and made to appear, and the Court would promptly grant relief. *Gray* v. *Gaither,* 74 N. C., 237. But it is not alleged by the appellant that the trustee is insolvent; that he is misapplying or wasting the trust funds, if there are such trust funds; or, that there is any cause that has arisen since, or that existed at the time of his appointment.

We are of opinion that the appellant shows no sufficient grounds to support her motion. The judgment of the judge at chambers must therefore, be affirmed. Let this opinion be certified according to law.

Judgment affirmed.