# Hurt *v.* Hurt, *et al.*

### Bill to Remove Administration.

(Decided May 20, 19908. Rehearing denied July 3, 1908.
47 South. 260.)

1. *Equity; Jurisdiction; Administration of Estate.*—The jurisdiction of the chancery court in the administration of estates is original, and if an executor finds that the affairs of the estate are so involved that he cannot safely administer except under direction of the chancery court, he may seek the interference of the court and have the estate removed from the probate to the chancery court, unless the probate court has acquired jurisdiction.

2. *Same; Grounds for Jurisdiction.*—The grounds of jurisdiction sufficient for an interference by the chancery court in the removal of an estate is a question determinable by the chancery court; but where the trusts of a will are doubtful, or the personal representative may have difficulty or be embarrassed in the execution of such trust. a court of equity at his instance will take jurisdiction to construe the will and aid and direct the executor in the performance of his duty; so likewise will it take jurisdiction when it appears that a discovery and accounting on the part of some of the distributees of the estate is necessary to a proper adjustment and settlement of the estate.

3. *Same; Retention of Jurisdiction.*—When chancery once takes jurisdiction to administer an estate on an equitabe ground for interposition it will retain the cause and conduct and finally settle the administration according to the rules and practices of that court, applving the substantive law regulating the conduct and settlement of administration in the probate court.

[Hurt v. Hurt, et al.]

4. *Same; Assumption of Jurisdiction.*—Where an executor invokes the jurisdiction of the chancery court for a discovery and an accounting on the part of some of the distributees of the estate, and litigates the questions raised by the answer and cross bill seeking the appointment of a receiver, without any suggestion that the action is premature, if he is not estopped from questioning the assumption of jurisdiction on the ground that no order had been made removing the administration, if the original bill was well filed by him its effect would be to withdraw the administration of the estate from the probate court and give the chancery court jurisdiction to proceed with the cause according to its rules and practices.

5. *Receivers; Ground of Appointment; Defenses; Improbability of Ultimate Relief.*—While it is true that the probability that a complainant will not be ultimately entitled to relief sought is a material element to be considered by the court in the appointment of a receiver, mere defects of pleading or parties, which may be cured by amendment, will not prevent such appointment where there are genuine rights to be protected and preserved; so that where an answer and cross bill alleges that the testator gave the cross complainant certain property and that the executor has taken the property in his custody and has committed a devastavit and converted much of the estate to his own use and is insolvent, and that a large quantity of personal property belonging to the estate in which the cross complainants are interested is in his hands, and that cross complainant's interest in the estate will be in danger for want of security, and seeking to have the executor give bond or have the assets in his hands committed to a receiver, and the executor fails to give bond as required, a receiver is properly appointed.

6. *Same; Bond; Statutory Provision.*—An order requiring an executor to give bond to keep and perform and pay all decrees rendered against him in the cause, prescribes in legal effect the conditions laid down in section 66, Code 1896, and an order appointing a receiver upon failure of the exectuor to give the required bond is not erroneous because of the conditions of the bond required by the order.

7. *Same; Notice; Necessity and Sufficiency.*—The chancellor was justified in appointing a receiver without giving notice, upon allegation of the cross bill, notwithstanding the order requiring the executor to give bond by a date fixed directed that the question of a receiver be postponed to be thereafter considered on motion of either party to the cause; it further appearing that the executor was insolvent, had given no security, and made no inventory of the assets of the estate, and there was evidence that he had converted assets to his own use.

8. *Appeal and Error; Reservation of Ground; Failure to Ask Continuance.*—Where the record shows that the cause was submitted at the time specified, and on pleading and affidavits of both parties without any suggestion that a continuance should be granted error in failing to give sufficient time for a hearing cannot avail on appeal.

9. *Judgments; Modification; Interlocutory Decree.*—An order in an administration suit, requiring an executor to give bond is an interlocutory decree subject to the power of the chancellor to create change or annul it as long as the case remains open and within the jurisdiction of the court; so that an order made on July 13, re-

[Hurt v. Hurt, et al.]

quiring an executor to give bond by July 18, 1908, may, on the 16th of July, be changed so as to require the giving of the bond by July 25, 1907, the date as originally fixed, being evidently an inadvertent clerical error.

10. *Same; Notice.*—Where an order fixing the time for an executor to give bond is inadvertently written as July 18, 1908, and the object in requiring the bond shows that it should have been 1907, notice to the executor is not indispensable to the validity of an order correcting the date so as to fix a later date in the same month, but in the year 1907, instead of the year 1908.

APPEAL from Perry chancery Court.
Heard before Hon. THOMAS H. SMITH.

Bill by J. W. Hurt as executor against Annie E. Hurt and the other heirs to remove the administration of the estate from the probate to the chancery court. Nell Hurt Hanna, one of the heirs, filed an answer and cross bill asking that the executor give bond or that a receiver be appointed to take charge of the assets of the estate. From a decree appointing a receiver defendant appeals. Affirmed.

DEGRAFFENRIED & EVINS, STEWART & STEWART, and HOGUE & CHAPPELL, for appellant. The instrument through which cross complainant claims title to the property is wholly insufficient to convey the property.— *Wood, et al. v. West Pratt C. Co.,* 40 South. 959;*Leffel v. Miller,* 7 South. 324. The cross bill shows that the property claimed was a part of a larger number and no separation or identification is shown.—*Wood v. West Pratt C. Co. supra..* There must be an actual delivery of the thing to constitute a valid parol gift.—*McHugh v. O'Connor,* 91 Ala. 243; *Boyd v. Potter,* 80 Ala. 476; *Brantley v. Camaron,* 78 Ala. 72; *Walker v. Crews,* 73 Ala. 412; 14 A. & E. Ency of Law, 1017. The delivery of the written memorandum is not a delivery of any of the property claimed.—*Jones v. Weakley,* 99 Ala. 441; *Dacus v. Streetie,* 59 Ala. 183. Under section 7 of

[Hurt v. Hurt, et al.]

the cross bill the gift of personalty was void.— *Ragsdale v. Norwood,* 38 Ala. 21. It, therefore, follows that the relief prayed in the cross bill could not be granted under any circumstances, and hence, the appointment of a receiver was improper.—*Miller v. Perkins,* 154 Mo. 629; *American L. & T. Co. v. Toledo Co.,* 29 Fed. 416; *Liddell v. Starr,* 19 N. J. E. 164; *Henshaw v. Wells,* 9 Hump. 584; *Bank of Florence v. U. S. S. & L. Co.,* 104 Ala. 297; *Ft. Payne Furn. Co. v. Ft. Payne C. I. & C. Co.,* 96 Ala. 472; *Etowah M. & M. Co. v. Valley Mfg. Co.,* 106 Ala. 492; 17 Ency P. & P. 707; 1 Pom. on Eq. Rem. secs. 69 and 71. It was error to appoint a receiver without notice.—*Bank of Florence v. U. S. S. & L. Co. supra; B. & P. Sup. Co. v. Lucas,* 119 Ala. 205. In any event, Hurt was not liable in his representative capacity, but was liable personally.—*Hunnicutt v. Higginbotham,* 139 Ala. 472; *Bauer v. Glass,* 82 Ala. 280.

PETTUS, JEFFRIES & PETTUS, and W. M. FOWLKES, for appellee. The cross complainant had a right to require the executor to give bond.—Sec. 67, Code 1896; *Gray v. Gaither,* 74 N. C. 237. The court properly appointed a receiver on failure of the executor to comply with the order to give bond.—*Warren v. Pitts,* 114 Ala. 68; 3 Pom. sec. 1331; *Wellborn's Admr. v. Kohn,* 93 Ala. 207. The appointment of a receiver is in the discretion of the court where there is a probability that the person asking it will succeed in his case.—*Burd v. Bingham,* 54 Ala. 463; *Warren v. Pitts, supra; Meyer v. Thomas,* 131 Ala. 111. Solvency or insolvency of a party is an important consideration.—*Randle v. Carter,* 62 Ala. 103; *Erwin v. Emerson,* 95 Ala. 64; *Thompson v. Tower Mfg. Co.,* 87 Ala. 733. The failure to make and return an inventory of the estate was a violation of the duty of the executor and authorized his removal and the appointment of a

9 R

reciver.—*Oglesby v. Howard,* 43 Ala. 147; *Harmon v. Wagencr,* 33 S. C. 487. Notice was not necessary to make the order complained of.—*Culver v. Guyer,* 129 Ala. 607; *Pollard v. Southern Co.,* 122 Ala. 409.

DENSON, J.—The jurisdiction of the chancery court in the administration of estates is original(*McNeill's Adm'r v. McNeill,* 36 Ala. 109, 115, 76 Am. Dec. 320; *Ligon v. Ligon,* 105 Ala. 460, 17 South. 89), and it is the privilege of the executor, at any time before the concurrent jurisdiction of the probate court has attached, when he finds the affairs of the estate so much involved that he cannot safely administer the estate except under the directions of a court of equity, to ask the interference of the chancery court, and for a removal of the administration of the estate into that court. What will constitute sufficient grounds for such interference is a question determinable by the chancery court. But it is a subject of express decision by this court that "when the trusts of a will are doubtful, or the personal representative may have difficulty or be embarrassed in the execution of such trusts, a court of equity will, at his instance, take jurisdiction to construe the will, and aid and direct the executor in the performance of his duties." So, likewise, when it is shown that a discovery and an accounting on the part of some of the distributees of the estate, is necessary to a proper adjustment and settlement of the estate, this furnishes sufficient reasons for the interference of a court of equity.—*Horton v. Moseley,* 17 Ala. 794; *Cowles v. Pollard,* 51 Ala. 445; *Trotter v. Blocker,* 6 Port. 269; *Sellers v. Sellers,* 35 Ala. 235; *Hunley v. Hunley,* 15 Ala. 91; *Clay v. Gurley,* 62 Ala. 14; *McNeill's Arm'r v. McNeill,* 36 Ala. 109, 76 Am. Dec. 320; *Ligon v. Ligon,* 105 Ala. 460, 17 South. 89; *Baker v. Mitchell,* 109 Ala. 490, 20 South 40; *Wilson v. Crook,* 17 Ala. 59. See, also, *Virginia, etc., Co. v. Hale*

& Co., 93 Ala. 542, 9 South. 256, in respect to discovery as an independent head of equity jurisdiction. It is also settled law that when chancery once takes jurisdiction of an administration, on any ground of equitable interposition, the cause will be retained, and the administration will be conducted and finally settled in that court, according to the rules and practice of a court of equity; but substantive law regulating the conduct and settlement of administrations in the probate court will be applied.—Cowles v. Pollard, supra; Hall v. Wilson's Heirs, 14 Ala. 205, Taliaferro v. Brown, 11 Ala. 702; Tygh v. Dolan, 95 Ala. 269, 10 South. 837.

In this case which is one by an executor for the removal of an estate into the chancery court and settlement there, no question as to the equity of the original bill has been presented; and we have no doubt that on its face the bill presents a proper case for equitable interference. Authorities supra. Nell Hurt Hanna, one of the respondents, of whom a discovery and an accounting is sought, filed a full answer, under oath, denying specifically the allegations of the bill, upon which the right of discovery is based, and denying that she had ever received or had in her possession any property of the estate for which she should be held to account. The affirmative allegations of the answer are to the effect that by a deed or bill of sale the testator had given to her and her co-respondents, against whom discovery is sought, personal property, which is included in Exhibit G attached to the cross-bill, and that the executor took said property into his charge and custody. It is further shown in the answer, by averments which we deem sufficient, that a devastavit has been committed by the executor, that he has converted much of the personal property to his own use, and that he is insolvent. The answer further shows that there is a large quantity of personal

property of the estate yet in the hands of the executor, in which the respondents are interested, and that unless the executor, who is exempted by the will from giving bond, is required to give bond, the interest of the respondent in the estate will be endangered for want of such security (Code 1896, § 67). The prayer of the answer is that it be taken and considered as a cross-bill; that the property mentioned in Exhibit G be decreed to be the property of Nell Hurt Hanna, and of Theodore, Annie E., and Virginia Allen Hurt; that the executor be required to give bond, or, in the event that he fails to give bond, that the assets of the estate be committed to the hands of a receiver. The chancellor made an order requiring the executor to give bond by a date fixed, and directed that the question of the appointment of a receiver in the cause be postponed, to be thereafter considered on motion of any party to the cause. The executor failed to make the bond required by the order, and on the application of the cross-complainant a receiver was appointed; the chancellor requiring, as a condition precedent to the appointment, that the cross-complainant execute a bond in the sum of $2,000. From the order appointing the receiver this appeal is taken.

It is insisted that the decree appointing the receiver is reversible upon either one of several grounds. We may not consider the several points of attack in the order in which they are discussed in the brief of counsel, but shall endeavor to take them in their logical order. First, then, it is insisted that the court had no right or authority to make the appointment, because no order had been made in the chancery court for the removal of the administration into that court from the probate court; that the decree was premature, in that the court had not assumed jurisdiction of the cause. This objection would seem to come with little grace from the ap-

pellant, who invoked the jurisdiction of the court by filing his bill, and who has litigated the question of the appointment of the receiver, without any suggestion of premature action on the part of the chancery court, in that court. But, aside from this consideration, we think "the effect of the original bill, conceding that it is well filed, was to withdraw the administration of the estate from the probate court" and to give the chancery court jurisdiction to proceed with the cause according to its rules of practice.—*Pearson v. Darrington,* 21 Ala. 169, 176; *Tygh v. Dolan,* 95 Ala. 269, 10 South. 837.

The next point in logical order is that the cross-bill is not sufficient in its averments to show reasonable probability that the cross-complainant will ultimately succeed in obtaining the relief sought by the cross-bill. It is undoubtedly the law that the probability that the complainant will ultimately be entitled to relief is a material element for consideration by the court, and our court has gone to the extent of holding that if ultimate success is a matter of grave doubt the appointment of a receiver should not be made. *Bank of Florence v. United States, etc., Co.,* 104 Ala. 300, 16 South. 110; *Builders, etc. Co. v. Lucas & Co.,* 119 Ala. 202, 24 South. 416; *Randle v. Carter,* 62 Ala. 95. In the case first cited the court, through Brickell, C. J., after announcing the rule as above stated, added this further observation: "It is true, as a general rule, that in making or refusing the appointment of a receiver the court will not forestall or anticipate the decision which may be made on final hearing. This is true when a case is presented upon which there is a reasonable propability the plaintiff may ultimately obtain relief. In such cases the pleadings may not be drawn with technical accuracy, or the bill may be subject to demurrer for want of proper parties, or because of defects of form, or the absence of

substantial allegations—insufficiencies, of themselves, do not form an impediment to the appointment of a receiver, if a case be made by a party having interests to be protected and preserved, entitling him to the general relief which is prayed."—*Bank of Florence v. United States, etc., Co. supra.* It is clear from this that the suggestion of lack of parties, made by the executor, even if such suggestion would be considered as well made on a demurrer cannot avail him anything on this appeal. —*Micou v. Moses Bros.,* 72 Ala. 422.

But the point most relied on by the appellant, in respect to the insistence under consideration, is that the affirmative relief prayed is that the personal property shown in Exhibit G, attached to the answer and cross-bill, be decreed to be the property of the cross-complainants, Theodore, Annie E. and Virginia Allen Hurt, and that they are entitled to the same. It is not necessary here to determine whether the doctrine of complete and adequate remedy at law is applicable in respect to this claim, nor whether there was a completed gift of the property by the testator in his lifetime. Conceding (without deciding) that the position taken by the respondent in the cross-bil in regard to this particular point in the insistence is correct, yet it must be borne in mind that that particular relief is not all that is prayed in the cross-bill, nor all that can be awarded the cross-complainant, if the allegations of her bill should be established. The executor may be charged, on proof of the allegations, under the general prayer for relief in the choss-bill, with the proceeds of a large amount of property alleged to have been converted by him to his own use, and for which he has made no account, and has refused to account. Indeed, it may be said the allegations of the cross-bill in this respect go to the extent of making a case of actual misconduct on the part of the executor. Furthermore, besides showing devastavits

committed, it shows that there are assets in the hands of the executor and to come into his hands, shows the interest of the cross-complainant in such assets, and alleges that he is wholly insolvent and that her interest will be endangered by the want of security. We cannot doubt that, on the proof of these allegations, the cross-complainant would be entitled to have the executor give bond as prayed, nor that the executor would be chargeable with whatever property it may be shown he has wrongfully applied to his own use.—Code 1896, § 67; *Ex parte Walker*, 25 Ala. 85; *Bromberg v. Bates,* 112 Ala. 363, 377, 20 South. 786; *Smith v. Phillips,* 54 Ala. 8; *Gray v. Gaither*, 74 N. C. 237. On the foregoing considerations, we conclude that this insistence of appellant must be held for naught.

The cross-bill was filed on the 24th day of June, 1907. On the 26th day of June the answer and cross-bill were presented to the chancellor, at chambers, in Mobile; and he made an order requiring the register to immediately issue notices to the complainant and his solicitors of record, notifying them that the matter of the appointment of a receiver, or requiring the complainant to enter into bond as executor, would be heard before the chancellor, at Mobile, in chambers, on the 1st day of July, 1907, at 10 o'clock a. m. The notices were issued and duly served on the solicitors on June 27th, and on the complainant in the original bill the following day. If, as suggested by the appellant, the time given by this order was too short, it cannot avail him anything now, as the record shows that the cause was submitted on the date named, by both parties, on the pleadings and affidavits, and without any suggestion that a continuance should be granted. The chancellor, on the 12th day of July, 1907, decreed that the executor (complainant in the original bill) should, on or before the 18th day of

[Hurt v. Hurt, et al.]

July, 1908, file with the register of the chancery court of Perry county a good and sufficient bond, in the sum of $15,000, with two good and sufficient sureties, or with a surety company doing business in the state, subject to the approval of the register, and conditioned "to safely keep and account for all personal property or the proceeds thereof, which has heretofore or may hereafter come into his possession as executor of the estate of H. H. Hunt, deceased, except such as he has disposed of or paid out to those entitled thereto according to law, and to faithfully and truly keep and perform and pay all decrees which may be rendered against him in this court."

It is contended that the order appointing the reciver is reversible, because the court had no power or authority to require, as one of the conditions of the bond, that the executor should "keep and perform and pay all decrees which may be rendered against him in this cause." It may be that the executor is estopped from making this point here, as the record fails to show that he made application to the chancellor for a modification of the conditions, or that he made any effort whatever to comply with the order of the court; but, however this may be, we are of the opinion that the conditions prescribed in the decree are, in legal effect, no more than those prescribed by section 66 of the Code, for the bonds of executors. They place no greater obligations upon the executor than the statutory conditions do.

The decree requiring the bond to be given was filed by the register in his office on July 13, 1907. Without notice to the executor (appellant), the chancellor, on written application of the cross-complainant (appellee), modified the decree requiring the bond to be given, by changing the date for the giving of the bond from July 18, 1908, to July 25, 1907. The decree of modification

was filed by the register on the 16th day of July, 1907. The decree of July 13th is an interlocutory decree. Therefore the power of the chancellor to correct, change, or annul it exists, unimpaired by any limitation, as long as the cause remains open and within the jurisdiction of the court. 16 Cyc. 503, 504; rule 83 of chancery practice.—*Pinkard v. Allen's Adm'r,* 75 Ala. 73, 78. This proposition, as we understand, is not controverted; but it is contended by the appellant that the power should not have been exercised in advance of, or without, notice to the executor. "The necessity for notice of an amendment or correction of a judgment depends upon the circumstances of the particular case. Thus, where a correction is made upon that which appears in the record itself, * * * or if the matter upon which the amendment is based rests in the recollection of the court, it is doubtful whether notice is required, for the reason that it is not open to contest." 17 Am. & Eng. Ency. Law (2d Ed.) 823; *Naber's Adm'r v. Meredith,* 67 Ala. 333, 335; *Odell v. Reynolds,* 70 Fed. 656, 17 C. C. A. 317. Freeman, in his work on Judgments, says: "In regard to the amendment of Judgments, the authorities fully sustain the view that the courts will not act upon an ex parte application. An exception to this rule may be allowed where the amendment is made from the record alone, and the judgment, as proposed to be amended, is not different from what it would have been construed to be, independent of the amendment. No one's rights are affected by it, as the effect of the record is not charged. All who may have consulted the record, or acted upon the faith of it, must be presumed to have notice of all which the proper construction of the whole discloses; in other words, of the effect of the record." Freeman on Judgments (3d Ed.) § 72; *Emery v. Whitwell,* 6 Mich. 491; *Smith v. Redus,* 9 Ala. 99, 44 Am.

Dec. 429; *Thomas v. Sterns,* 33 Ala. 137; *Naber's Adm'r v. Meredith, supra.* The author last quoted was speaking of final judgments, and it would seem that the text is peculiarly applicable to interlocutory decrees.

The theory on which the decree in this case was corrected is manifest. It is that the date fixed in the original decree is a clerical error—that by mere inadvertence "1908" was written, instead of "1907." In view of the circumstances of the case, we think there can be no reasonable doubt of the fact that the chancellor inadvertently wrote "1908," when he intended to write "1907." What are the circumstances of the case? We recite only a few of them: A bill has been filed to remove the administration of an estate into the chancery court. A cross-bill has been filed, in which waste and devastavits of the estate are liberally charged, the insolvency of the executor (who is executor without bond) is charged, and in which it is prayed that the executor be required to give bond for the preservation of the estate, or that a receiver be appointed. Both parties litigant appeared before the chancellor on the hearing of the application to require the executor to give bond, and litigated the question. The result was the order requiring the bond to be made; but, according to the date written in the order, the time within which the bond might be given is extended to July, 1908—More than a year from the time the order was made, and beyond two terms of the court in which the litigation was pending. In view of these circumstances, it appears to us that any person endowed with ordinary intelligence, upon inspecting the order, would come to the conclusion instantly that the date fixed in the order was the result of inadvertence—that it was a clerical error shown by the record itself, and, further, that on its face the order would, by such a person, be construed as requiring the bond to be made

by July 18, 1907. Therefore, on these considerations and in the light of the authorities cited and quoted from above, we conclude that notice to the executor was not indispensable to the validity of the order correcting the date in the order requiring the bond. The fact that the chancellor, in the order, postponed the time within which the bond might be given from the 18th to the 25th of July, was a benefit, and not a detriment, to the appellant, and he has no right of complaint on this account.

The final question for consideration is whether the chancellor should have made the appointment of a receiver without further notice to the executor. In considering the question we shall give full weight and importance to the principle that a strong case must be made to warrant the appointment of a receiver without notice, and especially the appointment of one to take into custody the assets of an estate which is in the course of administration by a personal representative of the deceased. High on Receivers (2d Ed.) § 708. We have seen that the chancery court, on the removal of an estate into that court for administration, has the same power to require an executor, exempted by the will of the testator from giving bond, to give bond, that the probate court has.—*Bromberg v. Bates,* 112 Ala. 363, 377, 20 South. 786. On the application made before the chancellor to require a bond of the executor, or that a receiver be appointed, the submission was upon the sworn answer and cross-bill of the cross-complainant, the original bill of complaint, and numerous affidavits by both parties—all embraced in the note of submission and appearing in the record. So that, after a full hearing, the order requiring the bond was made, and the matter of the appointmnt of a receiver was expressly postponed to be taken up on motion of any of the parties interested. We cannot doubt, upon consideration of the

averments of the cross-bill and the affidavits which were submitted to the chancellor, that a case calling for a bond from the executor was made out. The order having been rightly made, it was the duty of the executor to comply with it; and by his failure to comply, or to show cause, within the time given for compliance, why he did not comply, he was in default. This was his attitude at the time the receiver was appointed. It was shown that the executor was insolvent, that he had given no security, and that he made no inventory of the assets of the estate; and the evidence, we think, warrants the conclusion that he had converted assets of the estate to his own use. These facts, coupled with his failure to comply with the order of the court that he should give bond, we cannot doubt warranted the chancellor's appointment of the receiver without further notice to the executor (appellant).—*Ex Parte Walker*, 25 Ala. 81; *Randle v. Carter*, 62 Ala. 95, 102, 103; *Irwin v. Everson*, 95 Ala. 64, 10 South. 320; *Oglesby v. Howard*, 43 Ala. 147; *Warren & Co. v. Pitts*, 114 Ala. 68, 21 South. 494; *Culver v. Guyer*, 129 Ala. 607, 29 South. 779; 3 Dan. chan. Pr. 1957; *Scott v. Beecher*, 4 Price's Exch. Rep. 346; *Gray v. Gaither*, 74 N. C. 237.

Finally, the court is of the opinion that the decree appealed from should be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON. JJ., concur.