# Marshall *v.* Marshall.

*Bill in Equity by Heirs and Distributees, for Partition of Lands, Allotment of Widow's Dower, and Account of Advancements.*

1. *Partition of lands in equity, or sale for partition.*—In the absence of a statute, a court of equity has no jurisdiction to decree a sale of lands belonging to adult owners or tenants in common, in order to effect an equitable partition among them, without their consent; but jurisdiction is now conferred on the Chancery Court by statute, concurrently with the Probate Court, to divide or partition property, real, personal, or mixed, between joint owners or tenants in common (Code, § 3262); and having acquired jurisdiction for this purpose, the court will adjust all the equities between the parties growing out of their ownership and relation to the property, though a sale may be necessary.

2. *Advancements to distributees; jurisdiction of equity to equalize.* Although jurisdiction is conferred by statute on the Probate Court, in the matter of controversies as to advancements made by a decedent to his children; yet, when the jurisdiction of the Chancery Court has attached, under a bill for the partition of land among them, the court may, before decreeing partition, require the parties to account for their advancements, taking the same as part of their respective shares.

3. *Multifariousness.*—A bill which seeks a partition of lands among the several heirs at law and distributees of a decedent's estate, and an account of the advancements received by each for the purpose of equalizing their shares, is not multifarious.

4. *Concurrent jurisdiction of Probate and Chancery Courts.*—The Probate and Chancery Courts having concurrent jurisdiction of suits for the partition of land, the jurisdiction of the court which first attaches is exclusive; yet, where a decedent's lands lie in several counties, and a petition is filed in the Probate Court of one of them for a sale for partition, and an order of sale is thereon granted, this does not take away the jurisdiction of the Chancery Court to grant partition of all the lands, an account of advancements received, and other incidental relief necessary to effectuate complete justice between the parties.

5. *Parties to bill; when administration is necessary.*—The personal representative of a decedent who died in Georgia, and whose estate there has been fully administered, settled and distributed, is not a necessary party to a bill filed here between the several heirs and distributees, for a partition of the lands in Alabama, an account of advancements with a view to equalizing them, and other incidental relief, alleging that the debts have all been paid.

6. *Husband and wife as parties.*—Under the statutory provisions now of force (Code, § 2347), the husband is not a proper party to a bill filed against the wife and others, seeking a partition of lands in which she has an interest as a part of her statutory estate.

APPEAL from the Chancery Court of Lee.
Heard before the Hon. S. K. McSPADDEN.

[Marshall v. Marshall.]

The bill in this case was filed on the 4th April, 1888, by Samuel B. Marshall and Stephen F. Marshall, a son and grandson of William B. Marshall, deceased, against his other children and grandchildren, as heirs and distributees; and Mrs. Mary A. Marshall, his widow, was afterwards brought in as a defendant by amendment. Said W. B. Marshall died, intestate, in Georgia, in January, 1874, leaving a large estate, which consisted partly of lands in Alabama, situated in Butler, Conecuh, Covington and Crenshaw counties. The bill sought, principally, a partition of these lands, and an account of the advancements received by the several heirs and distributees, with a view to equalizing their shares; and also an allotment of dower to the widow, the appointment of a receiver with authority to redeem some of the lands, which had been sold for unpaid taxes, and general relief.

The bill alleged, that letters of administration on the decedent's estate were granted by the proper court in Georgia to James F. Marshall, one of his sons, who took possession of all the assets found in Georgia; that on the final settlement of said administrator's accounts, a balance of $13,715.20 was found in his hands, of which he paid over $6,138.40 to the widow, $6,039.40 to Samuel B. Marshall, and $1,638 to Stephen F. Marshall; that the debts of the estate were all paid, and the administration in Georgia was finally settled; that letters of administration on said estate were at one time granted to said James F. Marshall by the Probate Court of Butler county, Alabama, but were subsequently revoked on account of his non-residence; that letters of administration were afterwards granted by said Probate Court to E. M. Oliver, but they also were revoked, "so that now there is no administration on said estate, either in Alabama or Georgia." It was alleged, also, that in November, 1887, some of the defendants filed a petition in the Probate Court of Butler, asking a sale of the lands in that county for partition; and that on the 11th January, 1888, an order of sale was granted as prayed. A copy of these proceedings was made an exhibit to the bill, and it was alleged that they were void for want of jurisdiction. The advancements made by the decedent in his life-time to the several defendants were also stated on information and belief. Several of the female heirs being married women, their husbands were joined with them as defendants to the bill.

A demurrer was filed by the defendants jointly and severally, assigning twenty-one grounds or causes of demur-

[Marshall v. Marshall.]

rer, which were in substance—1st, multifariousness; 2d, non-joinder of necessary parties, in failing to bring in an administrator of the decedent's estate, and also in failing to bring in the personal representatives of several children who had died; 3d, want of jurisdiction, because the Probate Court of Butler county had first acquired jurisdiction, and had ordered a sale for partition; 4th, want of jurisdiction to decree a sale for partition among adults, or to redeem for their benefit the lands sold for taxes; 5th, want of jurisdiction in the matter of advancements, because the Probate Court had exclusive jurisdiction thereof; and, 6th, misjoinder of defendants in bringing in the husbands of the several married women.

The chancellor overruled the demurrer, on all the grounds assigned, and his decree is now assigned as error.

RICHARDSON & STEINER, for appellants.—(1.) The bill is multifarious.—*Lehman v. Meyer*, 67 Ala. 303; *Junkins v. Lovelace*, 72 Ala. 307. (2.) The husbands of the female defendants were improperly joined with them as defendants. *Bayzor v. Adams*, 80 Ala. 240. And the personal representative of the deceased children of W. B. Marshall were necessary parties. (3.) The proceedings in the Probate Court of Butler, for the sale of the lands for equitable division, are in all respects regular, and are conclusive.—*Fennell v. Tucker*, 49 Ala. 453; *Stimpson v. Foote*, 60 Ala. 340; *Wilkinson v. Stuart*, 74 Ala. 203; *Murrell v. Smith*, 51 Ala. 305; *McDonald v. Mobile Insurance Co.*, 65 Ala. 362. (4.) A court of equity can not decree a sale of lands for partition among adult owners or joint tenants.—*Deloney v. Walker*, 9 Porter, 497; *Oliver v. Jernigan*, 46 Ala. 41; *Wilkinson v. Stuart*, 74 Ala. 203. (5.) The question of advancements must be settled during the administration, and can not be raised after a final settlement. (6.) The lands have been sold for taxes, and the time for redemption has expired. If there was any right of redemption, the adult owners could exercise the right for themselves.

J. M. & E. M. OLIVER, *contra*.—(1.) The bill is not multifarious.—*Tindal v. Drake*, 51 Ala. 574; *Boyd v. Hunter*, 44 Ala. 704; *Andrews v. Jones*, 68 Ala. 117; *Stone v. Life Insurance Co.*, 52 Ala. 589; *Ware v. Curry*, 67 Ala. 274; *Randle v. Boyd*, 73 Ala. 282; *Bolman v. Lohman*, 74 Ala. 507; Freeman on Partition and Co-tenancy, §§ 505-6. (2.)

The proper parties are before the court, and none others. *Fretwell v. McLemore,* 52 Ala. 124; *Alexander v. Alexander,* 70 Ala. 212; *Perry v. Hoge,* 57 Ala. 28; *Sawyer v. Baker,* 72 Ala. 349; *Sims v. Nat. Com. Bank,* 73 Ala. 248. (3.) The partition of lands is an established head of equity jurisdiction, and it may always be invoked when the statutory powers of the Probate Court are inadequate to grant full relief.—1 Story's Equity, 646-50; *Wilkinson v. Stuart,* 74 Ala. 198; *Ward v. Corbitt,* 72 Ala. 438; *Whitman v. Reese,* 59 Ala. 532; *Terrell v. Cunningham,* 70 Ala. 100. (4.) The proceedings in the Probate Court of Butler are void for want of jurisdiction.

CLOPTON, J.—The appeal is taken from a decree overruling a demurrer to a bill. Assuming the truth of its allegations, the facts are these: William B. Marshall died, intestate, in January, 1874, being at the time of his death a resident of Talbot county, Georgia. He left an estate in Georgia, and owned, at the time of death, a considerable quantity of land in Alabama, situated in several different counties. He left surviving him a widow and children and grand-children. During his life-time he made unequal advancements to his children. Letters of administration on his estate were granted to James F. Marshall, one of his sons, by the Court of Ordinary of Talbot county. This administration has been finally settled, and the administrator discharged. On the settlement, the assets, amounting to over thirteen thousand dollars, were distributed between the widow and the distributees who file this bill. James F. Marshall was also appointed administrator of the estate in Alabama, by the Probate Court of Butler county, in which some of the lands are located. His letters were afterwards revoked on the ground of non-residence, and another person was appointed administrator *de bonis non,* whose letters also were subsequently revoked; and no representative has been since appointed. In November, 1887, some of the heirs made application to the Probate Court of Butler county, for an order to sell, for partition, the lands situated in that county. After legal notice to the parties, the court, in January, 1888, made an order of sale, and appointed commissioners to make the sale. The present bill was filed April 4th, 1888, by appellees, for a partition of the lands among the heirs as tenants in common, and, as incidental and essential thereto, seeks to have the widow's dower allotted, and a sale

[Marshall v. Marshall.]

of enough of the lands to pay the taxes due thereon, and to adjust and equalize the advancements.

1. In the absence of a statute, a court of equity has no power to effect a partition of lands between adult tenants in common, without their consent, by decreeing a sale, because the lands can not be equitably partitioned among them, or for any other reason.—*Lyon v. Powell*, 78 Ala. 357. The jurisdiction to order a sale of lands for partition among adults was conferred, prior to the enactment of the present statute, upon the Probate Court. By section 3262 of Code of 1886, concurrent jurisdiction with the Probate Court is conferred on the Chancery Court, "to divide or partition any property, real, personal or mixed, between joint owners or tenants in common." Notwithstanding the Chancery Court had no authority to sell the lands of adults, the difficulty of making partition was no ground for refusing relief. When exact or fair division was impracticable on a bill for partition merely, the court could compensate for an inequality, by a pecuniary compensation charged on the land by way of rent or servitude; could direct an account of rents and profits received by one of the joint owners, and award compensation to a joint owner for improvements made by him, either by assigning to him that part of the land on which the improvements were located, or by setting off their value against the rents and profits.—*Horton v. Sledge*, 29 Ala. 198; *Ormond v. Martin*, 37 Ala. 598. The court, in such case, acted on the familiar principle, that having acquired jurisdiction of the subject-matter on a special and original ground of equity, it will employ its powers to adjust the equities between the parties, growing out of their ownership and relation to the property, and the connection of their interests with those of their co-tenants, and with the general right or equity of the complainant.

2. It is insisted, however, that the jurisdiction of controversies, as to advancements, is conferred by the statutes on the Probate Court. This is true; but it does not follow necessarily, that the power of a court of equity to equalize advancements, when essential to complete relief and justice, is destroyed, when the court has taken jurisdiction of the case under some recognized head of original jurisdiction. Though the statutes confer on the Probate Court cognizance of administrations, and the settlement of estates, with power to adjudicate the rights and interests of heirs and distributees, they do not operate to oust the original jurisdiction

[Marshall v. Marshall.]

of courts of equity. When a court of equity takes jurisdiction of an administration, and it becomes necessary to distribute the assets, real and personal, among those entitled, it may decree an account of advancements for the purpose of complete and equal distribution.—*Key v. Jones*, 52 Ala. 238. On the same principle, when the court takes jurisdiction for partition of lands, which the tenants in common acquired by inheritance from a common ancestor, who has made advancements to some of them; having the power to decree a sale for the purpose of partition, it may, before decreeing partition, require the tenants in common to bring in their advancements, and take them as portions of their shares.—*Pigg v. Carroll*, 89 Ill. 205; Freeman on Co-ten. & Par., §§ 505, 506. The general equity of the bill rests on sound principle.

3. In *Tindal v. Drake*, 51 Ala. 574, a bill for partition of lands, also seeking the removal of a trustee, and an account of the rents and profits while they were in the possession of a purchaser from the trustee, was held not to be multifarious. The averments of the bill in this case show, that the interests of no defendant are entirely separate and distinct from those of the co-defendants. Their interests are in common, growing out of the common ownership of the lands, and their relation as heirs of a common ancestor to the subject-matter of the suit, and are connected with the general equity of complainants. The objection of multifariousness can not prevail.—*Bolman v. Lohman*, 74 Ala. 507; *Lott v. Mobile Co.*, 79 Ala. 69.

4. The next ground of demurrer is based on the acquisition of jurisdiction by the Probate Court of Butler county, by the petition for an order to sell the lands in that county for partition, and its exercise until an order of sale granted. The bill shows that there were lands situated in several counties. The Probate Court of Butler county acquired jurisdiction only as to the lands in that county. If conceded that, under the circumstances of the case, the Chancery Court should not interfere with the continued exercise of the jurisdiction, it would not operate to dismiss the entire bill. The demurrer goes to the whole bill, and for this reason, if for no other, was properly overruled.—*Burke v. Roper*, 79 Ala. 138. The jurisdiction of the Probate and the Chancery Courts being concurrent, the general rule is, that if the Probate Court first obtained jurisdiction, it, *eo instanti*, becomes exclusive. In such case, the Chancery Court

[Marshall v. Marshall.]

should not interfere with its continued exercise, unless the
circumstances are such as to render the power of the Pro-
bate Court inadequate to do complete justice. The Probate
Court has no power to compensate for inequalities in the
partition; nor to take an account of rents; nor to provide for
relieving the lands of incumbrances; nor to adjust and equal-
ize the advancements among the tenants in common, when
the lands descended from a common ancestor. Only the
powers of a court of equity are ample to accomplish these
purposes. These facts and exigencies call for its interfer-
ence, in order that complete justice may be done.—*Wilkin-
son v. Stewart*, 74 Ala. 198.

5. The bill alleges that the lands constitute the entire
estate in Alabama; that the estate in Georgia has been fully
administered, settled and distributed, and that no debts are
due by decedent. On the death of the ancestor, the title to
the lands descended immediately to his heirs, who have the
right of immediate possession, subject only to the statutory
authority of the personal representative to rent them, and to
obtain a judicial order of sale for the payment of debts, or
for distribution. As there are no debts of the estate, and as
the bill seeks partition, and incidentally an adjustment of the
advancements, in which an administrator has no interest, and
there is no occasion the estate should be represented, the
personal representative of the deceased ancestor is not a
necessary party.—*Tindal v. Drake, supra.*

6. The statutes defining the rights and liabilities of hus-
band and wife abrogate his trusteeship, and divest him of all
right, interest and title to the property, growing out of his
relation of husband, and deprive him of authority to control
and manage the same, except by way of restraint upon its
alienation.—*Rooney v. Michael*, 84 Ala. 585. Having no
interest and no control of the statutory separate estate of his
wife, the husband is not a necessary party to a bill relating to
such separate estate. The spirit and policy of the statute are,
that the wife must sue and be sued alone in all cases, either
at law or in equity, involving her statutory separate estate.
Code, 1886, § 2347; *Ramage v. Towles*, 85 Ala. 588.
The cause of demurrer, based on the misjoinder of the hus-
bands of the female heirs, was well taken.

The decree of the chancellor is reversed, so far as it over-
rules the last mentioned cause of demurrer, and affirmed in
all other respects.

Affirmed and reversed.