# Bresler *v.* Bloom.

*Bill to Remove Administration into Chancery Court.*

(Decided June 20th, 1906. 41 So. Rep. 1010.)

1. *Equity; Jurisdiction; Administration of Estate; Transfer in Equity.*—Without assigning any special reason for transferring an estate to the chancery court, any person entitled to share in the distribution of an estate is entitled to have the administration removed from the probate to the chancery court.

2. *Same; Rights of Remaindermen.*—The fact that the remainder man alleged in his bill, for a removal of the estate from the probate to the chancery court, that the defendant, as administrator, had invested a part of the property bequeathed by the will in other property, and had taken the title thereto

in his own name absolutely in disregard of his revisionary rights, will not deny him the relief sought, because the will devised and bequeathed the property to the administrator defendant for his life.

3.  *Same; Pleading; Demurrer to Bill.*—If the complainant was entitled to any relief under the bill, a demurrer addressed to the bill as a whole was properly overruled.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

This was a bill filed by appellee seeking to remove the administration of the estate of Kate Bresler from the probate to the chancery court. Complainant alleges that she is a daughter of Kate Bresler, formerly Kate Jacobs; that her mother is dead, leaving certain real estate and personal property to appellant during his lifetime with the reversion to complainant at appellant's death, that after the marriage of complainant's mother to appellant she intrusted a large amount of funds to the care and custody of appellant in the manner and for the purposes stated in the written instrument made in the handwriting of complainant's mother, and attached as Exhibit A to the bill of complaint. A copy of the will is also attached. The bill also alleges that complainant's mother left a will, by the terms of which appellant was appointed guardian of complainant and executor of the will without bond, and that the will had been probated and letters testamentary had been issued to appellant. That appellant had not filed an inventory of the goods, chattels, money, books, papers, and evidences of debt belonging to the estate of complainant's mother, and that appellant has made no settlement with complainant, and has filed no accounts and vouchers for a settlement of his trust. It is also alleged that the defendant has invested a part of the funds, about $3,000, intrusted to him by complainant's mother in a part of lot 125 in the city of Florence, Ala., and has wrongfully taken the conveyance to said property in his own name, and that defendant has invested another part of the funds in lot 69 in the city of Florence, and has wrongfully taken the title to said lot in his own name. The prayer was for a removal of the administration into the

chancery court, an order requiring appellant to file an inventory of all the property left by complainant's mother; the statement of an account showing the money belonging to the state and intrusted to appellant, and by him invested in property in his own name, and an order decreeing that complainant has a resulting trust in the lots above mentioned, and to declare a lien thereon for the purpose of securing her reversionary interest in the funds so invested, and for other further and general relief. Attached to the bill are interrogatories to be answered by defendant. Exhibit A to the bill is in the following language: "Being of sound mind, I here state what I have trusted to my husband, and it belongs to my child Frankie Jacobs (now Bloom). I first gave him $100, next $1,000, next $1,250 for house occupied by Mrs. Hooks, then gave him $600 I got from Cohen, and $1,000 from Mrs. McFarland, $400 from Patterson at Pineapple, $400 from Elred, and $170 from Joe Herz, the $208 for two years' interest from bonds of United States and Mr. Cohen owes me $756 on house. This is all my daughter's money earned by her own father and myself and if anything should happen to me, I wish some one would be kind enough to attend to this, and see my darling girl gets her property, besides he has had all the interest." A copy of the will was also attached, leaving to respondent for the term of his natural life all real estate and personal property except some personal property left to complainant, all of said real and personal property to revert to complainant at the death of respondent. Demurrers were interposed to the bill: (1) Complainant has plain and adequate remedy at law. (2) The bill shows that Kate Bresler gave all her personal property and real estate, including the personal property claimed to have been delivered to defendant in trust to defendant for the term of his life. (3) The will shows on its face that the money claimed to have been trusted to defendant for the use and benefit of complainant to have been given and bequeathed to defendant for and during the term of his life. (4) The bill does not show that defendant had any notice or knowledge of the letter made Exhibit A to the bill. (5) The bill shows on its

[Bresler v. Bloom.]

face that the moneys sought to be recovered, or for which a resulting trust is claimed, were given and bequeathed to defendant for and during his natural life. The court overruled these demurrers, and from this decree this appeal is prosecuted.

EMMETT O'NEAL, for appellant.—The court provides the only way a will can be revoked.—Sec. 4261, Code 1896. The averments of the bill are always taken most strongly against the pleader.—Lewis v. Mohr, 97 Ala. 266; 16 Ala. 423; 30 Ala. 352.

J. T. ASHCRAFT and W. H. MITCHELL, for appellee.— The first grounds of demurrer were properly overruled. —Ligon v. Ligon, 105 Ala. 460; Harland v. Pearson, 93 Ala. 273; Carcy v. Simmons, 87 Ala. 524. The second third and sixth grounds of demurrer were properly overruled.—6 Ala. 463; 18 Ala. 771; 17 Ala. 270; 16 Cyc. 641. The fourth and fifth grounds were properly overruled.

DENSON, J.—Any person entitled to share in the distribution of an estate has the right to have the estate administered in a court of equity without assigning any special equity for transferring the estate to such court. —Bromberg v. Bates, 98 Ala. 621, 13 South. 557; Id., 112 Ala. 363, 20 South. 786; Ligon v. Ligon, 105 Ala. 464, 17 South. 89; Baker v. Mitchell, 109 Ala. 490, 20 South. 40; Greenhood v. Greenhood, (Ala.) 39 South. 299. It seems that the statement of this proposition should be a sufficient answer to the first ground of the demurrer to the bill. The fact that the will devises and bequeaths the property to the defendant during his life presents no obstacle to the assumption by a court of equity of the administration of the estate; especially is this so, when the bill is filed by the remainderman, and it is averred in the bill that the defendant has invested a part of the property bequeathed by the will in other property, and has taken the title in his own name absolutely, and in disregard of complainant's reversionary rights, thus making it easy and possible for defendant to dispose of

the property to innocent third parties, and finally deprive the complainant of her rights under the will.— *Bethea v. Bethea*, 116 Ala. 265, 22 South. 561.

The fifth ground of demurrer is a misconception of the purpose of the bill. But we would not be understood as holding that the complainant is entitled to relief that would deprive the defendant of the use of property devised or bequeathed him during his life. The averments of the bill nor the demurrers call for a construction of the exhibit to the bill marked "A." Nor is it necessary to determine the effect of the will with respect to Exhibit A. It may be said of all the grounds of the demurrer that they are addressed to the bill as a whole, and if the complainant is entitled to any relief at all, the demurrer is properly overruled.—*George v. Railroad Co.*, 101 Ala. 607, 14 South. 752. That the complainant is entitled to have the administration of the estate removed to the chancery court seems to be clear.

The decree overruling the demurrer must be affirmed. Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.