(92 South. 475)

**SEWELL et al. v. SEWELL. (7 Div. 269.)**

(Supreme Court of Alabama. Feb. 11, 1922.)

1. Executors and administrators ⬤⟹473, 474 (3)—Verified bill, averring that estate could be better administered in circuit court in equity, gave bill equity on its face.

Where a bill averred that complainant was an heir of the decedent and administrator of the estate, that no final settlement had been made, and averred facts showing in petitioner's opinion the estate could better be administered in the circuit court in equity than in the probate court, in view of Acts 1911, p. 574, and Acts 1915, p. 738, amending Acts 1911, p. 574, § 3, the averments sworn to gave the bill equity.

2. Courts ⬤⟹475(2, 3) — Probate and circuit court in equity have concurrent jurisdiction for sale of land for division among heirs. ·

Under Code 1907, §§ 5222, 5231, the probate court and the circuit court in equity have concurrent jurisdiction to sell land for division among heirs, and where petition was filed in the probate court before bill was filed in the circuit court, the probate's jurisdiction was exclusive.

3. Executors and administrators ⬤⟹473, 474 (1)—Where probate court had no power to make decree regarding estates in remainder, circuit court in equity had jurisdiction.

Where, in the division of land among heirs, the probate court, in view of Code 1907, § 5227, was without jurisdiction to require holders of life estates to execute bonds for the protection of remaindermen or to loan out the proceeds and preserve the principal for the remaindermen, the circuit court in equity had jurisdiction, and the administration of the estate was properly removed to the latter court.

4. Executors and administrators ⬤⟹473, 474 (1)—Where probate court had no jurisdiction to order cost of administration of estate paid out of proceeds of sale of land before division among heirs, circuit court in equity had jurisdiction.

Where the probate court was without jurisdiction to· order that the cost incurred in the administration of the estate be paid out of the proceeds of the sale of land before division among the heirs, in an action by the administrator in the circuit court to sell the land, and praying that the cost of administration be paid out of· the proceeds of the sale, the circuit court had jurisdiction.

5. Executors and administrators ⬤⟹473, 474 (1)—Where probate court had no jurisdiction to remove clouds on title, circuit court had jurisdiction for sale of land for division among heirs.

In view of the power conferred on the circuit court by Code 1907, § 3255, as amended by Acts 1915, p. 608, and by Gen. Acts 1915, pp. 279, 598, and authority of probate courts under Code 1907, §§ 5232, 5233, where in a proceeding for division of land among heirs the probate court was without jurisdiction to remove clouds on title or adjust claims of incumbrances, jurisdiction was in the circuit court in equity.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill by M. A. Sewell, as administrator, etc., against L. F. Sewell and others, to remove the administration of the estate from the probate to the circuit court, to enjoin the prosecution in the probate court of a ·petition to sell lands for division and for other purposes. From a decree granting the injunction, overruling demurrers to the bill and entering an order of removal, respondents appeal. Affirmed.

Hugh Reed, of. Center, for appellants.

Under the facts in this case, the administrator had and has no rights in or to the lands as against the heirs, and must ground his right of relief upon other things, that of alleged improvements, and the presumption is that these repairs and improvements were for his own benefit. 107 Miss. 273, 65 South. 246; 21 C. J. 953. The bill must·possess equity to authorize a hearing, and cannot be aided by any presumption that amendable defects 'may be cured. 201 Ala. 535, 78 South. 889; 173 Ala. 182, 55 South. 793. The jurisdiction to sell the land for division vested exclusively in the probate court when the petition was filed there. 146 Ala. 644, 41 South. 819, 9 Ann. Cas. 1026. The allegations of the improvements cannot, therefore, give the bill equity. 105 Ala. 637, 17 South. 109. The allegation of valuable improvements is insufficient to entitle complainant to compensation. 155 Ala. 556, 46 South. 981; 203 Ala. 312, 82 South. 668.

Wm. H. Cather, of Center, for appellee.

The administrator was entitled to compensation for money expended for improvements on the property, and this gave the bill equity. 17 Ala. 175; 9 Ala. 734; 11 A. & E. Ency. Law, 1274; 7 A. & E. Ency. Law, 353–358. The court properly made the orders objected to. 155 Ala. 554, 46 South. 981; Acts 1919, p. 40·; 124 Ala. 698, 27 South. 513; 86 Ala. 337, 5 South. 465; 57 Ala. 472.

MILLER, J. [1] This bill is filed by M. A. Sewell individually and as administrator of the estate of J. A. Sewell, deceased, against L. F. Sewell and others, the heirs of the decedent, to remove the administration of the estate from the probate court of Cherokee county to the equity docket in the circuit court of that county. It avers under oath that complainant is an heir of the decedent and the administrator of the estate; that no final settlement thereof has been made; and it avers facts showing in the opinion of petitioners the estate can be better

administered in the circuit court in equity than in the probate court.

When the bill of complaint or petition makes these averments, and it is duly sworn to, as in this cause, and is filed in the circuit court, then the order of removal of the administration of the estate must be made by the circuit court, and then the jurisdiction of the probate court of the administration of the estate ends and the jurisdiction of the circuit court begins. These averments sworn to give the bill on its face equity. Acts 1911, p. 574; Acts 1915, p. 738, amending section 3, Act 1911, p. 574; Coker v. Robertson, 205 Ala. 344, headnote 1, 87 South. 321.

The bill avers that the decedent died intestate, seized and possessed of 232 acres of land; 74 acres of it were set apart to the widow as dower, and the balance, 148 acres, was set apart to the widow as her homestead by the probate court; and that she is now dead. These two branches—dower and homestead—of this estate appeared in this court. Dake v. Sewell, 145 Ala. 581, 39 South. 819; Sewell v. Sewell, 156 Ala. 616, 47 South. 204.

The bill avers that. L. F. Sewell and others, heirs of decedent, have filed petition in the probate court to sell the 232 acres of land for division among the joint owners, the heirs, because it cannot be equitably partitioned among them. The bill seeks to enjoin the sale of the land by decree of the probate court, and for this circuit court to order a sale of it for that purpose by him individually and as administrator. It appears after the bill was filed the probate court rendered decree of sale, and the property was advertised for sale. The court on the hearing granted the temporary injunction enjoining and restraining the sale of the property. The respondents demurred to the bill. The demurrers were overruled by the court. These decrees are assigned as errors. The bill describes the property, gives the names, ages, and residences of all the heirs, and gives accurately the interest of each in it; it also avers the property cannot be equitably partitioned among them.

[2] The petition by some of the heirs for the sale of the land for division, on the ground it could not be equitably partitioned among the joint owners, was filed in the probate court before this bill of complaint was filed in the circuit court in equity. This gave the probate court exclusive jurisdiction of the cause. Marshall v. Marshall, 86 Ala. 383, 5 South. 475. That court and the circuit court in equity have concurrent jurisdiction of such matters. Sections 5222, 5231, Code 1907.

"In such case, the chancery court [now circuit court, in equity] should not interfere with its continued exercise, unless. the circumstances are such as to render the power of the probate court inadequate to do complete justice." Marshall v. Marshall, 86 Ala. 383, 5 South. 475.

Are the powers of the probate court of Cherokee county adequate to do complete justice among all the parties under all the facts in that proceeding?

[3] The bill avers that Tad Watson owns a life interest in $210/3570$ interest in the land, and the reversionary interest of that share belongs to six persons—$1/6$ of $210/3570$ to each; and that J. A. Robinson owns a life interest in $210/3570$ interest in the land, with reversion to Annie Curtis.

There are four separate and distinct life estates in undivided interest in the land, and of necessity there are at least four separate and distinct remainder interests. If the property is sold, those entitled to the different life interest shares must, before receiving it, execute suitable and sufficient bonds for the protection of those entitled to the different reversions in that share; and on failure to give bonds the money should be loaned out and the interest paid annually to the respective owners of the different life interests and the principal preserved for the remaindermen. The probate court has not the power to make and execute such decrees; that power is in the circuit court, in equity. Chaney v. Chaney, 38 Ala. 35; Mason v. Pate, 34 Ala. 379; section 5227, Code 1907.

[4] The complainants aver the cost of the administration of the estate has not been paid; that. it should be collected out of the proceeds of the sale of this land. It appears this land is all and the only property of the estate subject to payment of cost of administration. Each heir should pay his pro rata part, according to his interest in the estate, of the necessary cost, legally incurred in the administration of the estate, out of his share of the proceeds of the land, if the personal property is insufficient. The probate court under that petition has no power to enter a decree directing that the necessary cost, legally incurred in the administration of the estate, be paid out of the proceeds of the sale of the lands before a division is made among the joint owners, the heirs. The administrator is not a party to that cause in the probate court. The probate court can and must decree the cost of that particular cause to be paid, including commissions to the commissioner, and the balance of the proceeds be divided among the persons entitled thereto according to their respective interests. Section 5227, Code 1907. The probate court has no adequate power to render complete justice between the heirs and the administrator of the estate from the proceeds of the sale of that property of the estate in that cause.

[5] It appears from the bill that Hannah Sewell, the life tenant and widow of deceased, executed a mortgage on this land; it

is of record, unpaid, and a cloud on the title. The probate court has no power to remove clouds on the title. Section 5232, Code 1907. There is also on record an unpaid mortgage of M. A. Sewell on his interest in the land. The probate court has no power to adjust claims of incumbrancers. Section 5232, Code. Complainant claims of the cotenants or joint owners, the respondents, for permanent improvements made on the land. The court of probate in that proceeding has no power to adjust such claims, if equitable and binding between the parties. That authority and power is conferred on the chancery court, now the circuit court in equity. Sections 5232, 5233, Code 1907; section 3255, Code, as amended by Acts 1915, p. 608; Gen. Acts 1915, p. 598; Gen. Acts 1915, p. 279. We find no averment in the bill as to the date of death of the widow, the life tenant. There is no demurrer to a part of the bill questioning the sufficiency of the averments as to the permanent improvements to make them equitable claims, erected with express or implied authority from the cotenants or joint owners, and under such circumstances as to be binding on them and the property. The demurrers are to the bill. Hence the sufficiency of these averments are not before us.

A court of equity, when joint owners or tenants in common by application seek to sell land for division among the joint owners or tenants in common, has the power to determine all questions of title and to remove all clouds upon the title. The court of equity in such a cause "may adjust the equities between and determine all claims of the several cotenants, as well as the equities and claims of the incumbrancers. Sections 5232, 5233, Code 1907; Long v. Long, 195 Ala. 560, 70 South. 733. The probate court has no power to remove the cloud on title. It has no power to relieve the land of incumbrances. It has no power to adjust the equities between and determine all claims of the cotenants. This court in Marshall v. Marshall, 86 Ala. 389, 5 South. 477, in writing on this subject, said:

"The probate court has no power to compensate for inequalities in the partition; nor to take an account of rents; nor to provide for relieving the lands of incumbrances; nor to adjust and equalize the advancements among the tenants in common, when the lands descended from a common ancestor. Only the powers of a court of equity are ample to accomplish these purposes. These facts and exigencies call for its interference, in order that complete justice may be done. Wilkinson v. Stewart, 74 Ala. 198."

There is equity in the bill. The demurrers were to the bill—the entire bill. They were properly overruled by the court. The court did not err in granting on the hearing the injunction, because it appears from the allegations of the sworn bill and ex parte affidavits that there are some facts and circumstances of special equitable cognizance shown to exist, on account of which the probate court is without power to decree adequate and complete justice in the cause; and it is necessary for a court of equity to interfere to do complete justice.

We find no error in the record.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.