187 So. 627

### LONG v. SHUMATE.
### 8 Div. 914.

Supreme Court of Alabama.
March 23, 1939.

Peach & Caddell, of Decatur, for appellant.

Ben L. Britnell, of Decatur, for appellee.

FOSTER, Justice.

This is a petition or bill in chancery by an heir at law and tenant in common with his coheirs to remove the administration into equity by virtue of section 6478, Code, and as an incident in the administration to sell the land for division, with a reservation of a sufficient amount, if necessary, to supplement the personal property in the payment of debts. It was

filed more than six months after the grant of letters of administration, in which debts and claims must be filed,—section 5815, Code, as amended by Acts 1931, page 840,—and alleges the nature and amount of all claims that were filed as required. It also alleges that the administrator has filed a petition in the probate court to sell the personalty to pay the debts.

There was demurrer to the bill testing its equity on various grounds. This demurrer was overruled and respondent appealed.

Its equity may be predicated on the right of an heir to remove the administration into that court. The statutory allegations are made in the bill. And when that is the situation an heir has the right to petition for the sale of the land for division on the ground that it cannot be equitably divided without a sale. In such a proceeding the court will be careful to see that a necessary amount of the proceeds of sale is set apart as a fund to take care of the debts remaining unpaid, including costs of administration, after the personalty is exhausted. Nelson v. Atkins, 215 Ala. 88, 109 So. 882; Hale v. Cox, 233 Ala. 573, 173 So. 82; Ex parte Stephens, 233 Ala. 167, 170 So. 771; Anderson v. Steiner, 217 Ala. 85, 88, 115 So. 4.

The facts alleged in this bill are essentially different from those shown in the case of Hopkins v. Crews, 220 Ala. 149, 124 So. 202, and it is based on different equitable principles.

The decree of the court overruling the demurrer is without error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.