200 So. 566

**LITTLE et al. v. BURGESS et al.**

8 Div. 92.

Supreme Court of Alabama.

Feb. 20, 1941.

A. A. Williams, of Florence, for appellees.

J. Foy Guin, of Russellville, for appellants.

**THOMAS, Justice.**

Mrs. Irene Burgess filed her bill in equity, duly sworn to, in the circuit court, setting up that she is the widow of the decedent, and that the other complainants are all of his and her children; that Agnes Burgess Little, a sister, is the administratrix, named in the petition for letters of administration in the probate court, of decedent's estate, and she is made a respondent, individually, and as administratrix, and the other respondents are those who were named in her petition for administration as the "heirs at law of said deceased, so far as that petitioner was informed."

The bill further alleged an intention on the part of the respondents to appropriate the estate to their own use and to exclude the complainants therefrom, and that no settlement of the estate was pending in the probate court. The prayer was for the removal of the administration into the circuit court; for a decree adjudicating the complainants to be the widow and the several parties named to be the only heirs at law, and for setting aside exemptions,— all parties in the petition for probate and the administratrix being made respondents to the bill.

On the bill of complaint, without proof and without notice to the adverse claimants, the circuit judge entered an order removing the administration from the probate court into the circuit court.

After the service of summons upon the respondents, they appeared by attorney and interposed demurrers to the instant bill, said demurrers questioning the jurisdiction of the court to order removal into the circuit court in equity.

Courts of equity have original jurisdiction in the administration of estates. Kelen v. Brewer et al., 221 Ala. 445, 129 So. 23. The right of removal is given by Code of 1923, § 6478; Bynum v. Brewer, 217 Ala. 52, 114 So. 577; Anderson v. Steiner, 217 Ala. 85, 115 So. 4; Sewell v. Sewell, 207 Ala. 239, 92 So. 475.

The questions here presented for decision are stated by the counsel of appellant as follows: Is a dispute over heirship and the right of distribution sufficient grounds to justify removal of an administration of an estate from the probate court into the circuit court, and to divest the jurisdiction of the court under the instant pleadings? Otherwise stated, may a claimant to heirship, whose alleged rights have been denied by inference in petition for letters of administration, obtain an adjudication of claims in a court of equity, when there is already a cause pending in the probate court in which he can intervene and establish just rights?

Appellants admit that there are three or four Alabama cases where the situation was similar to the one here presented, in which conflicting claimants were permitted to adjudicate their respective alleged rights in a court of equity, and that in one or two of the cases there was an ex parte order removing the administration into equity.

It is true that any person entitled to share in the distribution of an estate is held to have, under our decisions, the right to cause the estate to be administered in a court of equity, and to remove such administration from the probate court to the chancery court without assigning any special equity therefor. Greenhood v. Greenhood, 143 Ala. 440, 39 So. 299 (a bill by legatee); Bresler v. Bloom, 147 Ala. 504, 41 So. 1010 (a bill by remainderman); Seay v. Graves, 178 Ala. 131, 59 So. 469 (by heir); Hardwick v. Hardwick, 164 Ala. 390, 51 So. 389 (by an heir).

Appellants say that no Alabama decision, so far as "we have been able to find," grants such right of removal to one who merely asserts that he is entitled to share in the distribution and at the same time shows by petition there is a dispute over such right; that another forum is proceeding on the theory that he is without such alleged right to share. The question is, in some degree at least, now controlled by statute, which gives the right of removal, upon an ex parte petition, to "any heir, devisee, legatee, distributee." The statute predicates the right, however, upon the fact that the petitioner is such "heir, devisee, legatee, distributee." See Code, § 6478.

In 21 Corpus Juris, p. 121 et seq., the Alabama authorities are collected touching the question before the insertion of Section 6478 of the Code of 1923. It had

554

theretofore been decided that what will constitute sufficient grounds for interference by a court of equity is a question determinable by that court. Hurt v. Hurt, 157 Ala. 126, 47 So. 260.

In Sewell v. Sewell, 207 Ala. 239, 92 So. 475, 476, the Court said: "When the bill of complaint or petition makes these averments, and it is duly sworn to, as in this cause, and is filed in the circuit court, then the order of removal of the administration of the estate must be made by the circuit court, and then the jurisdiction of the probate court of the administration of the estate ends and the jurisdiction of the circuit court begins. These averments sworn to give the bill on its face equity. Acts 1911, p. 574; Acts 1915, p. 738, amending section 3, Act 1911, p. 574; Coker v. Hughes, 205 Ala. 344, headnote 1, 87 So. 321."

■ In McCraw v. Cooper, 215 Ala. 51, 108 So. 850, it was declared that "an order of removal in such case upon the statutory petition alone is improvidently granted and may be vacated on motion. Ex parte McLendon, 212 Ala. 403, 102 So. 696; 21 C.J. 122, note a(5)." In the last cited case the observation was made that a petition using the statutory words would be sufficient to warrant a removal from probate court to a court of equity if the facts support them in their legal sense. "Being an ex parte proceeding, it is the existence of these facts presented in statutory way that gives the court jurisdiction. There is no judicial finding that these facts exist, but an order entered as of course. Thus, if in fact the petition is presented by one claiming to be a party in interest named in the statute, when in fact the petitioner had no such interest, it could hardly be contended the order of removal would bind the real parties interested and require the court of equity to proceed to administer the estate." [212 Ala. 403, 102 So. 698.]

In Henderson v. Henderson, 210 Ala. 73, 97 So. 353, and in Crawford v. Carlisle, 206 Ala. 379, 89 So. 565, 569, it was declared that such petitioning party must be one entitled to removal because of interest in the estate to be administered. It was said: "If the averments of the bill show that complainant had no 'interest in' or was not an heir or distributee of the estate of said decedent, demurrer challenging its sufficiency for such reason should have been sustained. * * *"

Long v. Shumate, 237 Ala. 470, 187 So. 627, 628, contains the observation that, "Its equity may be predicated on the right of an heir to remove the administration into that court. The statutory allegations are made in the bill."

Several other questions incident to such a bill are thus concluded in Faulk v. Money, 236 Ala. 69, 181 So. 256, 257:

"An administration of an estate is an administration of a trust in whatever court the proceedings are pending. Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60. * * *

"There is here unity of subject matter—the proper administration of the estate now pending in the equity court—and there is clearly nothing presented which renders the bill objectionable on the grounds of multifariousness. * * *

"Nor is there merit in the suggestion there is an adequate remedy at law as against defendant Faulk. Admittedly the allegations of paragraph 5 of the bill suffice to show the necessity for and the right to an accounting between Faulk and the decedent's estate. * * *"

Adverting to the instant pleading, there is nothing to indicate to the Court that the facts averred in the bill seeking removal were not true. We find nothing in the later cases to the contrary. Long v. Shumate, supra; Pierce v. Barbaree, 238 Ala. 676, 193 So. 115; Badham et al. v. Johnston et al., 239 Ala. 48, 193 So. 420.

■ The averments of the bill are direct and unequivocal and bring the same within the provisions of the statute. Code of 1923, § 6478. Under the positive averments of heirship by the alleged widow and her children, contained in the bill, a case for removal was made, the jurisdiction of the court of equity being duly invoked under the statutes.

The petition in the probate court for letters of administration was by the sister of decedent. It is therein alleged that the parties named were all the heirs and distributees of the estate of decedent, "so far as your petitioner knows or believes", and was directed to that court shortly after the death of decedent.

The bill seeking removal was sworn to and contains the averment "that it is the intent and purpose of the said Agnes Burgess Little and the other Respondents named herein to appropriate the estate of the said deceased, to convert the same to

their own use and to exclude your Complainants and deprive them of their property rights in said estate.

"(7). That in the opinion of Complainants said estate can be better administered in the Circuit Court, sitting in equity, of said Franklin County, than in the Probate Court of said County."

As the pleading in the instant case stood when demurrer and motion were directed thereto, the right of removal under the statute existed, the court of equity having determined the right of removal, and having assumed jurisdiction by its decree to that end. Said court of equity was in the better position to ascertain the question of heirship, to protect the trust funds for those entitled thereto, under the law, and to make due orders for the administration and distribution of such trust funds and appropriation of such properties to the due demands of creditors and the several parties in interest.

In Bynum v. Brewer et al., 217 Ala. 52, 114 So. 577, 578, it is said:

"On the petition of Joseph H. Brewer, describing himself as 'a distributee of the estate of Mary H. Sherrod, deceased,' the judge of the circuit court of Lawrence county, sitting as chancellor, made an order that: 'The said estate of Mary H. Sherrod, deceased, be and the same hereby is removed from the probate court of Lawrence county, Ala., to the circuit court of Lawrence county.'

\* \* \* \* \* \*

"Our opinion is that when a removal is ordered under the statute the personal representative, then present in the probate court, must know what is decreed in the due course of administration and is removed with it to the chancery court, and this process includes and controls previous administrations, if any, so far as it may be necessary to deal with them in the course of the latest pending administration. Tygh. v. Dolan, 95 Ala. 269, 10 So. 837.

\* \* \* \* \* \*

"And, further, it may be observed that the order of removal in and of itself affected no property right whatever. It merely substituted a tribunal which had jurisdiction to determine all possible controversies for a tribunal that had no power to determine equitable issues, if such should arise, and thus brought the adminis- tration within the control of a court better able to deal justly, adequately, and completely with all matters and questions involved. We do not see that any party interested in the administration of an estate should be heard to complain of this process."

In Kelen v. Brewer et al., 221 Ala. 445, 129 So. 23, 26, it is said:

"It has long been the settled law that courts of equity have original jurisdiction in the administration of estates, and that any person entitled to share in the distribution of an estate being administered in the probate court, whether as devisee, legatee, or as an heir at law, has the right to have the administration of the estate removed to and administered in a court of equity without showing any special equity. 3 Mayf.Dig. 235, § 1081, page 240, § 1162.

\* \* \* \* \* \*

"The statute confirms the right of removal by the distributee of the estate, and extends it to 'executor, administrator, or administrator with the will annexed \* \* \* at any time before a final settlement,' and provides that, upon the filing of a sworn petition, 'reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator, or administrator with the will annexed, and that in the opinion of the petitioner such estate can be better administered in the circuit court,' etc. Section 6478, Code 1923."

A submission on demurrer admitted the truth of all the facts alleged in the bill that are well pleaded. Moseley v. Ritter, 226 Ala. 673, 148 So. 139; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A. L.R. 1526; Schwab v. Carter, 226 Ala. 173, 145 So. 450. We have dealt with the averments of the bill and the motion to expunge the order of removal based upon the petition for removal, as indicated above.

We are, therefore, of opinion and hold that no error intervened in overruling the demurrer. It results that the judgment of the circuit court, sitting in equity, should be and the same is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.