53 So.2d 604

**BELL v. KILLIAN et al.**

7 Div. 92.

Supreme Court of Alabama.

June 14, 1951.

John B. Isbell, L. L. Crawford, John T. Black, W. M. Beck and W. W. Watson, Fort Payne, for appellees.

Scott & Dawson, Fort Payne, for appellant.

SIMPSON, Justice.

The appeal is from an interlocutory decree overruling demurrer to the bill as last amended. The amendments to the original bill only related to bringing in certain parties construed by the court to be necessary for a proper disposition of the litigation.

The original bill was filed by G. W. Killian, as administrator de bonis non cum test. anno. of the estate of Hugh H. Kil-

lian, deceased, who left a last will and testament devising to his widow, Roxiene Killian, all his property, with usual stipulations as to payment of debts, funeral expenses, etc. She was named executrix without bond, relieved from making any report to any court, and was given full right of disposition of the property of the estate without court order, "to use * * * in such manner as she may deem fit and proper for her maintenance, well being, comfort and support," but containing the following residuary clause: "8. I will that in the event there remains any of my said estate at the death of my beloved wife Roxiene Killian after paying funeral expenses as provided for myself—for her—, then in that event I will that whatever property of my said estate remaining on hand at her death, shall go to my brothers Bailey Killian and Demoville S. Killian and their heirs at law." (The will will be reproduced with the report of the case.)

Testator died in 1945 and Roxiene acted as executrix of the estate until her death in 1950. The defendant, Bell, is her second husband and has qualified as administrator of her estate.

By amendment the residuary legatees were made parties plaintiff and the heirs at law of Roxiene were made parties defendant.

Right to relief rests on the primary equity that the quoted clause 8 of the will was a limitation on the power of the widow to consume or dispose of more of the estate than was reasonably necessary for her "maintenance, well being, comfort and support" and on the basis of this interpretation, the bill shows that the widow married the defendant, Bell, soon after her husband's death and, by preconcerted fraud between them to deprive the residuary devisees of their share of the estate, she diverted all the funds and property of the estate to herself, to Bell, and to others; that she used certain of the funds of the estate derived from sales of certain of the testator's real estate to invest said Bell and herself with title to real estate; that certain other of the testator's real estate was sold by her, as executrix under the purported authority of the will, but that the money was deposited in her own name in various banks, where some of it is still on deposit and which monies the defendant, Bell, as administrator of her estate, is seeking to administer; that certain of the real estate left by her husband was conveyed to said Bell for only a nominal consideration, for the manifest purpose of defeating the express instruction of the residuary clause of her husband's will and of defrauding the two named residuary legatees and their heirs. The bill prays, in addition to certain incidental matters not necessary to mention, for (1) removal of the administration of the estate of Roxiene Killian from the probate court to the circuit court in equity; and (2) for the divesting out of the defendant Bell of the real estate, title to which has been taken in his name, which was either the property of the estate of the said Hugh H. Killian or was acquired by the use of the funds of said estate and to be invested in the residuary devisees; (3) that the money and personal property of her testator's estate which the said Roxiene Killian converted to her own use and had on hand at her death be accounted for by her administrator, the said Bell, and he paid over and delivered to complainant, the administrator de bonis non of testator's estate.

■ The demurrer to the bill, aside from challenging it on the ground of nonjoinder of necessary parties, was "to each and every aspect, paragraph, section and allegation thereof both separately and severally," and was therefore merely addressed to the general equity of the bill, resulting that if any aspect contained equity the demurrer was properly overruled. Wells v. Wells, 249 Ala. 649, 32 So.2d 697; Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136.

■ In this posture of the case, due to the disparate interpretation placed upon the several somewhat conflicting clauses of the will by the respective parties, its construction will be necessary in connection with a determination of the proper administration of the trust under the will. This is such special equity as will authorize removal of the administration to equity. Hinson v. Naugher, 207 Ala. 592, 93 So. 560, and

cases cited 207 Ala. 594, 93 So. 562, Ex parte McLendon, 212 Ala. 403, 102 So. 696.

■ It is also the general rule that where the probate court could not determine the issues presented by the bill and circumstances are such as to render the power of that court inadequate to do complete justice, the cause may be removed to the equity court. Sewell v. Sewell, 207 Ala. 239, 92 So. 475; Marshall v. Marshall, 86 Ala. 383, 5 So. 475.

■ If, as alleged, the widow's right under the will was limited to the use of so much of the property of the estate of her testator as was reasonably necessary for her maintenance, well-being, comfort and support, with remainder over to the two named residuary legatees or their heirs, then the personal property of the testator's estate not so used, but fraudulently or improperly converted to the use of the widow and her second husband, Bell, was rightfully owned by the residuary legatees, subject to the continued administration of testator's estate until all matters pertaining thereto had been finally and properly concluded. These funds were impressed with the trust of proper administration by executrix Roxiene and neither the complainant nor the participants in the residuary legacy would be restricted to an action at law for the recovery thereof. "The equitable action at law for money had and received is merely cumulative and not exclusive of the general jurisdiction in equity for an accounting as for funds impressed with a trust." Webb & Aigner v. Darrow, 227 Ala. 441, 442, 150 So. 357, 358.

■ The same principle would apply to any real estate purchased with funds of the testator's estate not used in conformity with the instructions of the will, title to which is alleged to have been taken in the names of defendant, Bell, and said Roxiene for the allegedly fraudulent purpose of defeating those testamentary instructions. The administrator of such estate may have equity establish a trust on the property so purchased against the party holding title unless such party be an innocent purchaser, not the case here. McMillan v. McMillan, 218 Ala. 559, 119 So. 676(3).

The foregoing well recognized principles of equity practice illustrate that the bill was well filed for the aforestated purposes and was not subject to the general demurrer as for want of equity.

■ But it is argued by appellants that we should now construe the will to the effect that the full and irrevocable right was in the widow, Roxiene, to dispose of any or all of the testator's property for any conceivable purpose without regard to the residuary clause, the effect of which would be that there were no rights in the appellees and, therefore, no right to bring suit. A sufficient answer to this contention is that the only question raised by the demurrer was the matter of the jurisdiction of the court and the right of equitable relief, the construction of the will not being a matter for consideration. "Our jurisdiction in this instance is appellate only, for the purpose of reviewing the correctness of the interlocutory decree of the chancellor from which the appeal is taken. * * * If we affirm the decree of the chancellor overruling the demurrer, then the case will proceed on its merits and the chancellor will have to construe the will; * * *. But we cannot construe the will on this [special] appeal, and any attempt to do so would not be binding on us nor on the parties." Ashurst v. Ashurst, 175 Ala. 667, 670, 57 So. 442, 443; Naugher v. Hinson, 211 Ala. 278, 100 So. 221; Thurlow v. Berry, 247 Ala. 631, 636, 25 So.2d 726.

■ It is also argued by appellant the bill as finally amended has not yet sufficiently described the necessary parties plaintiff—the brother Bailey Killian and the heirs at law of Demoville Killian (whose death is shown to have been prior to testator's death)—so that the court may properly decree their interest in the property if the court should uphold the construction of the will contended for by complainant. We think the bill not to be subject to this criticism, but that it sufficiently appears that the Bailey Killian named as a party complainant is the Bailey Killian referred to in the will and the remaining parties are the sons and daughters—"children," as stated in the original bill—of Demoville Killian and his only heirs.

The contention that the bill was demurrable for nonjoinder of proper parties in failing to either show that Demoville's wife was not living or to bring her in as a party is without merit; she would have had no interest in any case. Dower only attaches to such property as the husband had been beneficially seized in possession sometime during coverture. It does not cover estates in remainder or succession. Tilley v. Letcher, 203 Ala. 277, 82 So. 527; Hamm v. Butler, 215 Ala. 572, 112 So. 141.

We find no error in the overruling of the demurrer.

Affirmed.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.